UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. JONES; STEPHANNI JONES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AEGIS WHOLESALE CORPORATION; NATIONSTAR MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; U.S. BANK, N.A.; WACHOVIA BANK, N.A. a/k/a WELLS FARGO; BANK OF AMERICA, N.A.; and DOES 1-10,<br><br>　　　　Defendants. | No.　2:15-cv-01134-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS NATIONSTAR MORTGAGE, U.S.BANK AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

　　Plaintiffs Timothy and Stephanni Jones ("Plaintiffs") sued their mortgage servicer and several other financial institutions involved in foreclosing on their home, alleging defects in securitization and mishandling of their loan modification application.  Three defendants, Nationstar Mortgage, U.S. Bank, and the Mortgage Electronic Registration Systems Inc. ("MERS") (collectively, "Defendants") now move to dismiss.  For the reasons explained below, the Court grants in part and denies in part Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 18, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs took out a mortgage on their home at 5010 No Name Road in Loomis, California in May 2005. FAC ¶ 8. When the property went into foreclosure nearly ten years later, Plaintiffs applied for a loan modification through their mortgage servicer, Defendant Nationstar. See FAC ¶¶ 11-13. Plaintiffs allege that Nationstar failed to appropriately respond to their application. See FAC ¶¶ 15-18. Plaintiffs contend that the trustee for the foreclosure sale, Defendant U.S. Bank, and the "purported nominee for the beneficiary[,]" Defendant MERS, are liable for Nationstar's wrongdoing. FAC ¶¶ 40-41. Plaintiffs also contest whether Defendants are "authorized" to conduct the foreclosure sale due to defects in the chain of title. FAC ¶ 95.

Within eight days of submitting their loan modification application, Plaintiffs filed a complaint in the Superior Court for the County of Placer against Defendants Nationstar, U.S. Bank, MERS, and several other financial institutions (Doc. #1). Plaintiffs alleged four causes of action for (1) Wrongful foreclosure; (2) Violation of California Civil Code section 2924(a)(6); (3) Breach of the covenant of good faith and fair dealing; and (4) Declaratory relief. Following removal, all defendants moved to dismiss (Docs. ##12, 14, 23). The Court granted the motions, but allowed leave to amend as to the claims against Defendants Nationstar, U.S. Bank, and MERS (Docs. ##44, 45, 48, 53).

Plaintiffs subsequently filed a first amended complaint (Doc. #47, "FAC") asserting the same four causes of action, as well as claims for violations of 12 CFR section 1024.41,

2

California Civil Code sections 2923.4, 2923.7, and 2924.10, and violations of the Unfair Competition Law (California Business and Professions Code section 17200 et seq., "UCL").  Defendants have again moved to dismiss (Doc. #51), and Plaintiffs oppose the motion (Doc. #54).

## II.   OPINION

### A.   Judicial Notice

Defendants seek judicial notice of nine documents.  The first five – a deed of trust, two assignments of the deed of trust, a substitution of trustee, and a notice of default – were each recorded in the Placer County Recorder's Office.  Defendants' Request for Judicial Notice (Doc. #52, "RJN") at 2.  Because these documents are in the public record and not subject to reasonable dispute, the Court takes judicial notice of them.  Fed. R. Evid. 201; see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689 (9th Cir. 2001).

The final four documents purport to be "Denial Letter[s]" sent by Nationstar to Plaintiffs.  Defendants offer no argument for why these documents are judicially noticeable, and Plaintiffs in fact dispute them.  See Opp. at 8.  Defendants' request as to these four documents is therefore denied.

### B.   Analysis

#### 1.   First Cause of Action: Violation of 12 CFR Section 1024.41

Defendants argue that this first cause of action should be dismissed because the regulation at issues does not apply to U.S.

3

1 | Bank or MERS, and that Nationstar complied with the regulation.
2 | Mot. at 5-6.  In particular according to Defendants, Nationstar
3 | need not comply with the duties the FAC identifies, because
4 | Plaintiffs submitted multiple loan modification applications.
5 | Mot. at 6.  Plaintiffs do not address the first issue, but argue
6 | that they did not submit multiple applications.  Opp. at 4-6.
7 |     As to the first issue, the Court agrees with Defendants.
8 | The regulation concerns actions that must be taken by a mortgage
9 | "servicer."  See generally 12 CFR § 1024.41.  According to the
10 | FAC, Defendants U.S. Bank and MERS were not servicers, but rather
11 | the trustee and a "purported nominee for the beneficiary[,]"
12 | respectively.  FAC ¶¶ 40-41.  The only way the FAC attempts to
13 | link U.S. Bank and MERS to Nationstar's actions is by stating
14 | that U.S. Bank "as Trustee of the Securitized Trust is liable for
15 | the actions of the servicer because its actions are within the
16 | scope of said agency relationship, Nationstar being an agent of
17 | U.S. Bank."  FAC ¶ 40.  The FAC then states that MERS is also
18 | liable, based on the same agency relationship between U.S. Bank
19 | and Nationstar.  FAC ¶ 41.  Thus, according to Plaintiffs, the
20 | servicer (Nationstar) is the agent of the trustee (U.S. Bank) -
21 | and somehow this also makes the "purported nominee for the
22 | beneficiary" (MERS) liable.
23 |     Plaintiffs point to no rule of California law that makes a
24 | servicer the agent of a trustee.  Rather, in general "[t]he law
25 | indulges no presumption that an agency exists but instead
26 | presumes that a person is acting for himself and not as agent for
27 | another."  Davenport v. Litton Loan Servicing, LP, 725 F. Supp.
28 | 2d 862, 882 (N.D. Cal. 2010) (quoting Walsh v. Am. Trust, 7

1    Cal.App.2d 654, 659 (1935)).  Because of this presumption, a
2    plaintiff "must allege facts demonstrating the principal's
3    control over its agent."  <u>Imageline, Inc. v. CafePress.com, Inc.</u>,
4    2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011).  Because
5    Plaintiffs have pled no facts demonstrating such control, the
6    Court dismisses this cause of action as to Defendants U.S. Bank
7    and MERS.
8        As to Nationstar, Defendants rely on documents provided in
9    Defendants' RJN to argue that that they complied with the
10   regulation and that Plaintiffs submitted multiple requests for
11   loan modifications.  <u>See</u> Mot. at 6-7 (asserting that Plaintiffs'
12   version of events is incomplete and citing RJN exhibits 6-9).
13   But, as discussed above, these documents purporting to be
14   communications between Nationstar and Plaintiffs are not
15   judicially noticeable, so the Court cannot rely on them in ruling
16   on this motion to dismiss.
17       Instead, the Court must look to the facts contained in the
18   FAC.  The FAC alleges that Plaintiffs were engaged in a single
19   attempt to receive a loan modification, and that Nationstar
20   failed to comply with at least some aspects of section 1024.41 in
21   handling that modification.  For example, Plaintiffs allege – and
22   the Court must accept as true – that Nationstar did not
23   "determine whether the [] submitted loan modification application
24   represented a complete . . . application" or send notice to
25   Plaintiffs within five days, <u>see</u> FAC ¶ 30, as required by section
26   1024.41(b)(2)(i).
27       Because the FAC adequately alleges a violation of this
28   section, the Court denies Defendants' motion to dismiss this

first claim as it relates to Nationstar.

        2.   <u>Second Cause of Action: Violation of California Civil Code Section 2923.4</u>

Defendants argue that Plaintiffs fail to state a cause of action under California Civil Code section 2923.4, because there is no private right of action under this section. Mot. at 7. Plaintiff does not address this argument, but rather enumerates the statutory language and repeats the factual allegations of the FAC. <u>See</u> Opp. at 6-7.

The Court agrees with Defendants that section 2923.4 does not provide an independent cause of action; it "merely defines the [statutory] intent[.]" <u>Weber v. PNC Bank, N.A.</u>, 2015 WL 269473, at *4 (E.D. Cal. Jan. 21, 2015) ("The Court agrees that section 2923.4 alone cannot sustain Plaintiffs' cause of action."). The Court therefore dismisses this cause of action without leave to amend. Resolving the issue on this basis, the Court does not reach Defendants' further arguments that any violation has been "corrected and remedied" and that the statute only applies to servicers.

        3.   <u>Third Cause of Action: Violation of California Civil Code Section 2923.7</u>

Defendants next move to dismiss the claim for violation of California Civil Code section 2923.7, which requires appointment of a single point of contact in connection with a loan modification application. Mot. at 9-10. They argue first that the requirement to appoint a single point of contact was not triggered because Plaintiffs never requested one. Mot. at 9. They further argue that Plaintiffs cannot sustain the claim

because they were neither "prejudiced" nor "damaged."  Mot. at 9-10.  Defendants cite almost no cases to support any of these arguments.  And each argument fails.

As to the first argument, the statutory language does not support the idea that a plaintiff must specifically request a single point of contact.  The section states, "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact[.]"  Cal. Civ. Code § 2923.7(a).  Defendants' argument suggests that the "request[] [of] a foreclosure prevention alternative" is different from the prefatory language "[u]pon request."  Courts are split as to whether two separate requests are required. Jerviss v. Select Portfolio Servicing, Inc., 2015 WL 7572130, at *6 (E.D. Cal. Nov. 25, 2015) (collecting cases).  This Court agrees with those cases finding no requirement that the borrower specifically request a single point of contact.  Indeed, a natural reading of the statute indicates that a single point of contact must be established when the borrower requests a foreclosure prevention alternative.  See Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014) ("A plain reading of the statute requires Wells Fargo to assign a [single point of contact] when a borrower requests a foreclosure prevention alternative.").  Moreover, Defendants' interpretation would effectively require borrowers to have knowledge of the intricacies of the Civil Code in order to invoke their right to a single point of contact.  Such a result would contravene the statutory purpose of ensuring that "borrowers are considered for, and have a meaningful opportunity to obtain, available loss

mitigation options[.]"  Cal. Civ. Code § 2923.4(a).

The Court also disagrees with Defendants' other arguments that Plaintiffs must plead that they were "prejudiced" or "damaged."  Defendants state that "[f]or a violation of § 2923.7, Plaintiffs must allege <u>both</u> that a trustee's deed upon sale has been recorded <u>and</u> that they suffered 'actual economic damages[.]'"  Mot. at 10:6-9 (emphasis in original).  That position is wrong as a matter of law, where – as here – no foreclosure sale has yet occurred.  See <u>Hernandez v. Specialized Loan Servicing, LLC</u>, 2015 WL 350223, at *4-*5 (C.D. Cal. Jan. 22, 2015) ("[N]o trustee's sale [has occurred]. [citations omitted] Thus, Hernandez need not have suffered an economic loss to bring her § 2923.7 claim . . . ."); <u>cf.</u> <u>Chaghouri v. Wells Fargo Bank, N.A.</u>, 2015 WL 65291, at *3 (N.D. Cal. Jan. 5, 2015) ("[S]ection 2924.12(a)'s enactment gives borrowers a right to obtain injunctive relief based upon violation of section 2924.17 regardless of any showing of pecuniary harm."); <u>Rahbarian v. JP Morgan Chase</u>, 2014 WL 5823103, at *7 (E.D. Cal. Nov. 10, 2014) ("The Court holds [] that Plaintiff need not plead harm to make a claim under section 2924.12(a) for a violation of section 2924.17.").

Because Plaintiffs' claim is not deficient on the bases Defendants identified, the Court denies Defendants' motion to dismiss this third cause of action.

> 4. <u>Fourth Cause of Action: Violation of California Civil Code Section 2924.10</u>

Defendants next assert that the section 2924.10 claim is deficient because it applies only to loan servicers (so not MERS

8

or U.S. Bank) and that Nationstar in fact complied with this section. Mot. at 10. Plaintiffs do not address the first argument, but state that whether Nationstar complied is a factual question that the Court should not resolve at this time. Opp. at 8-9.

The Court agrees that the language of section 2924.10 places a duty only on a mortgage servicer. See Cal. Civ. Code § 2924.10(a) ("[T]he mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt . . . ."). As discussed above, MERS and U.S. Bank cannot be held liable for the alleged wrongdoing by the servicer under the facts alleged in the FAC. The Court therefore dismisses those defendants from this cause of action.

Concerning Nationstar's conduct, Defendants contend that "Nationstar sent Plaintiffs written acknowledgement of the loan modification submission" three days after Plaintiffs submitted the application. Mot. at 10:26-27. To support this statement, Defendants rely on Exhibit 9 of its RJN, which purports to be the letter Nationstar sent to Plaintiffs. But as discussed above, the Court cannot take judicial notice of that document.

Rather, the Court must take the allegations in the FAC as true. The FAC states that Plaintiffs "submitted a full and completed loan modification application to Defendant Nationstar" and that Nationstar "did not provide written acknowledgement within five business days of receipt of [the application.]" FAC ¶¶ 13, 58. These allegations state a violation of section 2924.10, and the Court therefore denies the motion to dismiss this claim as to Nationstar.

9

5.  Fifth Cause of Action: Wrongful Foreclosure

Plaintiffs base their wrongful foreclosure claim entirely on defects in securitization. See FAC ¶ 72. The allegations are almost identical to those made in the original complaint, which the Court found inadequate. The only new allegations are (1) that Defendant U.S. Bank is liable because of the "agency relationship" between U.S. Bank and Nationstar, (2) that MERS is liable based on the same agency relationship, and (3) that "Defendants' unlawful conduct caused Plaintiffs damages in an amount to be proven at trial." FAC ¶¶ 77-79.

Plaintiffs' allegations remain inadequate to support their wrongful foreclosure claim. Plaintiffs have not even attempted to argue otherwise; their opposition does not address the wrongful foreclosure cause of action. The Court agrees with Defendants that Plaintiffs do not have standing to challenge defects in securitization by way of this cause of action. See Flores v. EMC Mortg. Co., 997 F. Supp. 2d 1088, 1104 (E.D. Cal. 2014). Plaintiffs' new allegation that "Defendants' unlawful conduct caused Plaintiffs damages" is a legal conclusion and does not provide any factual basis for standing. Lacking standing, Plaintiffs cannot maintain this claim.

Because Plaintiffs have been unable to support this cause of action with any facts showing entitlement to relief, the Court concludes that amendment would be futile. The Court therefore dismisses this cause of action without leave to amend. Resolving the issue on the basis of standing, the Court does not reach Defendants' further arguments about the propriety of the securitization method and the fact that foreclosure has yet to

occur.

### 6. Sixth Cause of Action: Violation of California Civil Code Section 2924(a)(6)

Defendants raise the same arguments to challenge Plaintiffs' claim under California Civil Code section 2924(a)(6). Mot. at 11-14. In response, Plaintiffs simply reiterate that the securitization was improper and then discuss Defendants' alleged violations of other statutes, such as Defendants' failure to properly assist and consider Plaintiffs' loan modification application. Mot. at 9-10.

Section 2924 may confer a private right of action for Plaintiffs to challenge securitization. Maomanivong v. Nat'l City Mortgage Co., 2014 WL 4623873, at *5 (N.D. Cal. Sept. 15, 2014). But even assuming that it does, Plaintiffs' claim still fails. In particular, foreclosure has not yet occurred so the claim is premature. Rahbarian v. JP Morgan Chase, 2014 WL 5823103, at *9 (E.D. Cal. Nov. 10, 2014) ("[M]ost courts hold that [a claim] based on chain of title defects [is] premature if brought before sale.") (collecting cases). The Court therefore dismisses this cause of action without leave to amend and does not reach Defendants' remaining arguments attacking it.

### 7. Seventh Cause of Action: Breach of the Covenant of Good Faith and Fair Dealing

Defendant urges the Court to dismiss the claim for breach of the covenant of good faith and fair dealing because it does not identify a contract provision allegedly frustrated by Defendants. Mot. at 15. Plaintiff counters that "[o]verall, the actions of the Defendants breached the implied contractual obligations of

11

1  the Deed of Trust and the actual contractual provisions of the
2  adjustable rate rider." Opp. at 12:3-4.
3       The Court agrees with Defendants, because Plaintiffs' theory
4  of this claim forecloses their argument about contractual
5  obligations. The basis for this claim is the allegedly defective
6  securitization. See FAC ¶ 96 ("[T]he named Defendants breached
7  the implied covenant by recording documents with the county
8  recorded [sic] indicating Defendants were a beneficiary of the
9  loan . . . ."). That is, Defendants attempted to foreclose on
10 Plaintiffs' home, even though the chain of title had been broken
11 and Defendants were not "authorized" to foreclose. FAC ¶ 95.
12 The problem is that a "prerequisite for any action for breach of
13 the implied covenant of good faith and fair dealing is the
14 existence of a contractual relationship between the parties[.]"
15 Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp. 2d 1153, 1165 (E.D.
16 Cal. 2009) (quoting Smith v. City & Cty. of San Francisco, 225
17 Cal.App.3d 38, 49 (1990)). And Plaintiffs' theory here is that
18 no valid contract existed due to the alleged defects in the chain
19 of title.
20      Because Plaintiffs cannot plead a valid contract under this
21 theory, the Court dismisses this cause of action without leave to
22 amend. Resolving the issue on that basis, the Court does not
23 reach the parties' arguments about the availability of tort
24 versus contract remedies.

        8.    <u>Causes of Action Addressed Beyond the Page Limitations of Defendants' Motion</u>

27 Defendants also move to dismiss Plaintiffs' eighth and ninth
28 causes of action for violations of the UCL and for declaratory

relief.  See Mot. at 17-22.  Defendants make these arguments beyond the page limit the Court permits for motions to dismiss.  See Order re Filing Requirements (Doc. #3) at 1:19-23 ("Memoranda of law in support of and in opposition to [certain motions including motions to dismiss] are limited to fifteen (15) pages . . . .  [T]he Court will not consider any arguments made past the page limit.").  However, Defendants' reply repeats many of the same arguments within its page limit, see Reply at 5, and Plaintiff has had the opportunity to address the arguments, see Opp. at 12-14.  The Court will therefore consider the motion as to these final causes of action to the extent Defendants' arguments are discussed within the page limitations of the reply.

        9.   Eighth Cause of Action: Violation of the UCL

Defendants move to dismiss Plaintiffs' UCL claim on the basis that the FAC does not "demonstrate any conduct by Defendants that could be classified as unlawful, fraudulent, or unfair."  Reply at 5:10-12.  The Court declines to dismiss this cause of action, because Plaintiffs have alleged viable claims under the first, third, and fourth causes of action, thereby satisfying the UCL's unlawful prong.  See Herron v. Best Buy Co. Inc., 924 F. Supp. 2d 1161, 1177 (E.D. Cal. 2013) ("Under the UCL's 'unlawful' prong, violations of other laws are 'borrowed' and made independently actionable under the UCL.") (citing Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)).

        10.   Ninth Cause of Action: Declaratory Relief

Finally, Defendants argue that the declaratory relief cause of action is deficient because the FAC demonstrates no "present

and actual controversy." Reply at 5. Defendants are incorrect as to that point, in that Plaintiffs have alleged viable claims, discussed above. The Court therefore will not dismiss this cause of action.

### III. ORDER

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. The first and fourth causes of action are DISMISSED WITHOUT LEAVE TO AMEND as to Defendants U.S. Bank and MERS. The motion is DENIED as to those same claims against Defendant Nationstar. The Court further GRANTS the motion WITHOUT LEAVE TO AMEND as to the second, fifth, sixth, and seventh causes of action in their entirety. The Court DENIES the motion as to the third, eighth, and ninth claims in their entirety.

Finally, as mentioned above, Defendants' motion is seven pages beyond the page limit. In accordance with the Court's standing order, sanctions are hereby imposed against Defendants' counsel, Wright Finlay & Zak LLP, in the amount of $350.00. See Order re Filing Requirements at 1:22-23 (cautioning that the Court will impose sanctions "against counsel in the amount of $50.00 per page" beyond the page limit of fifteen pages). This amount is to be paid by counsel within ten days of the date of this order.

IT IS SO ORDERED.

Dated: December 17, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE